**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSEPH TORRES, BERNARD TORRES, and
CHARLOTTE TORRES,

                                    Plaintiffs,

            - v -                                                Civ. No. 1:10-CV-1385
                                                                            (LEK/RFT)

STEVEN J. BAUM, PC[1] and
BANK OF AMERICA,

                                    Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

<u>**MEMORANDUM-DECISION and ORDER**</u>

        Presently before the Court is the Plaintiffs' Motion to Amend and Correct their

Complaint. Dkt. No. 24, Pls.' Mot. to Amend, dated Apr. 14, 2011.[2]  On April 29,

2011, Bank of America filed its Opposition to the Motion.[3]  For the following reasons,

the Motion to Amend is **denied**.

---

        [1] On March 17, 2011, the Honorable Lawrence E. Kahn, Senior United States District Judge,
based upon the parties' Stipulation, issued an Order discontinuing this lawsuit against Steven J.
Baum, P.C. Dkt. No. 16.

        [2] There are three Plaintiffs: Charlotte Torres, who is one of the original mortgagors and
debtors at issue in this case, and her two sons, Joseph and Bernard Torres. *See infra* Part I.A.
Joseph and Bernard Torres's standing in this litigation is rather oblique and their mention or
presence in this case eludes the Court.  Their Motion to Amend is comprised of the following: Dkt.
No. 24, Not. of Mot.; Dkt. No. 24-1, Pls.' Mem. of Law; Dkt. No. 24-2, Richard DiMaggio, Esq.
Affirm.; Dkt. No. 24-3, Proposed Am. Compl.; Dkt. No. 24-4, Ex. A, Bankr. Order, dated Aug. 7,
2007; Dkt. No. 24-5, Ex. B, Debt Collection Lt.; Dkt. No. 24-6, Ex. C1, New York State Supreme
Court Summons; and Dkt. No. 24-7, Ex. C2.

        [3] Bank of America's Opposition is comprised of the following: Dkt. No. 25, John J. Henry,
Esq. Affirm., Apr. 29, 2011; Dkt. No. 25-1, *Corrazzini v. Litton Loan Servicing LP*, Compl.; Dkt.
No. 25-2, Def.'s Mem. of Law.

# I. BACKGROUND

## A.  Complaint

On November 16, 2010, the Plaintiffs initiated a lawsuit alleging that the Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.  Dkt. No. 1, Compl.  In reviewing the Complaint and its attachments, the Court is able to glean the following:

Charlotte Torres and Joseph A. Torres, who is now deceased, owned 12 Madison Street, Schenectady, New York, which was subject to a mortgage.  Dkt. No. 24-7.  Over the years, this particular mortgage was reassigned amongst various financial institutions and eventually was assigned to the Bank of America.  *Id*.  On April 18, 2001, Charlotte and Joseph A. Torres (hereinafter "Torreses") filed a Chapter 13 Bankruptcy Petition and, at that time, the mortgage was held by EMC Corporation (EMC). Compl. at ¶ 10.  Pursuant to a "crammed down"[4] agreement, which was converted into an Order, the Bankruptcy Trustee was responsible to pay EMC $19,000, which reduced the mortgage for Charlotte and Joseph A. Torres to $41,000.00 with an interest rate of 7%.  Dkt. No. 24-4, Bankr. Order, dated Aug. 1, 2007.  Further, the Torreses were required to pay EMC $30,826.82 for advanced

---

[4] A "crammed down" agreement occurs when a debtor is unable to pay a mortgage and the value of the outstanding loan is reduced to the value of the property.  Dkt. No. 1, Compl. at ¶ 12.

escrow payments in monthly installments of $900.00, however, they would not be required to make any further escrow payments. *Id*. at pp. 1-2.

The Complaint indicates that after the Trustee paid $58,000 to EMC, the mortgage was considered to be paid in full. Compl. at ¶ 15. At some point, the mortgage was assigned to the Bank of America. *Id*. at ¶ 16. During the month of April 2010, the Baum Law Firm, who was representing Bank of America, sent a letter to Charlotte Torres advising her that the unpaid principal, interest, and escrow balance due was $167,041.73, and, on April 5, 2010, commenced a foreclosure action against Charlotte Torres in New York State Supreme Court. Compl. at ¶¶ 19-20; Dkt. Nos. 24-5, Baum Lt., 24-6, Foreclosure Summons. That State foreclosure action is pending.

Primarily because of (1) the foreclosure action, (2) the Plaintiffs' belief that the Defendants ignored the "cramdown" agreement and discharge Order from Bankruptcy Court, and (3) the Defendants had "mischaracterized the status and the amount of the debt" in their attempt to collect fees and interest, the Plaintiffs commenced this litigation on November 16, 2010, alleging that the Defendants violated FDCPA, 15 U.S.C. §§ 1692f(1)[5] (Count 1), 1692e[6] (Count II), and 1692d[7] (Count III). Compl. at

---

[5] 15 U.S.C. § 1692f(1) states in part,

debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the

(continued...)

¶¶ 20-30.

## B.  The Proposed Amended Complaint

Now the Plaintiffs wish to amend their Complaint to (1) remove Defendant Steven Baum's name from the lawsuit, *see supra* note 1, (2) join Chase Bank, N.A. as a defendant, and (3) add the causes of action of negligence and gross negligence. Dkt. No. 24-2, DiMaggio Affirm. at ¶ 2.  By joining Chase Bank, N.A., the Plaintiffs contend that Chase N.A. inherited the mortgage account, which was already fully paid, from EMC, and "therefore holds the Note and has title and interest to Plaintiff's Note and Mortgage;" "Chase [] transferred the loan to Bank of America . . . for the purpose of collection;" and, therefore "Chase is responsible for authorizing the foreclosure of the residence on a mortgage which had been paid in full." *Id.* at ¶¶ 8-12.  Further, the Plaintiffs wish to complain that both Bank of America and Chase Bank, N.A., were negligent and grossly negligent in maintaining Charlotte Torres's mortgage account and pursuing a foreclosure action.  *See* Dkt. No. 24-3, proposed Am. Compl. at ¶¶ 35-

---

[5](...continued)
following conduct is a violation of this section: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

[6]  In essence, 15 U.S.C. § 1692e directs that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

[7]  Essentially, a debt collector may not harass, oppress, or abuse any person in connection with debt collection.  15 U.S.C. § 1692d.

53.

Bank of America opposes the Motion on the grounds of futility.  Dkt. No. 25.

## II. LAW

### A.  Motion To Amend Standard

FED. R. CIV. P. 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).  Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)).  District courts are vested with broad discretion to grant a party leave to amend the pleadings. *See Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).  "The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial." *New York v. Panex Indus., Inc.*, 1997 WL 128369, at *2 (W.D.N.Y. Mar. 14, 1997) (citing *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996)); *see also Lamont v. Frank Soup Bowl*, 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000) (citations omitted).  This requires the non-movant to "do more than simply claim to be

prejudiced." *Bryn Mawr Hosp. v. Coatesville Elec. Supply Co.*, 776 F. Supp. 181, 185 (E.D. Pa. 1991).

    1.  Futility

    The Second Circuit has stated that where futility is raised as an objection to the motion to amend, and

> [w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend. *See, e.g.*, *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230 (denial not abuse of discretion where amendment would be futile); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("where . . . there is no merit in the proposed amendments, leave to amend should be denied"); *Billard v. Rockwell International Corp.*, 683 F.2d 51, 57 (2d Cir.1982) (denial not abuse of discretion where plaintiff had had "access to full discovery" in a related case).

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

    As futility is an appropriate basis for denying leave to amend, such denial should be contemplated within the standards necessary to withstand a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).   On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).   Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). The trial court's function "is merely

to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1950 (citing *Twombly*). In that respect, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 1949 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1949. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from

conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1950-51.

### III. DISCUSSION

As noted above, the gravamen of the Complaint and the proposed Amended Complaint is that, by commencing a foreclosure action, Bank of America along with Chase Bank N.A., are attempting to collect on a debt which has already been paid in full, as well as improperly seeking to recover fees and interest.

### A.  Negligence

In addition to the FDCPA causes of action, the Plaintiffs propose common law causes of action of negligence and gross negligence.  In pleading negligence, and in a similar respect gross negligence, the Plaintiffs allege that both Bank of America and Chase Bank N.A., owed a duty to them, that is these Defendants were required "to determine the correct balance due and owing on [the Torreses'] account . . . before simply commencing foreclosure proceeding," and they breached that duty by suing to recover a mortgage balance without ascertaining the correct amount due.  Dkt. No. 24-3, Am. Compl. at ¶ 37-38.  Relying upon a recent Northern District of New York case, *Corazzini v. Litton Loan Servicing LLP*, 2010 WL 1132683 (N.D.N.Y. Mar. 23, 2010), Bank of America claims that both  negligence and gross negligence are not

viable in the context of this FDCPA case, insofar as the Plaintiffs cannot allege that the Defendants "owed them a duty independent[] of the parties' contractual relationship[.]"  Dkt. No. 25, Henry Affirm. at ¶ 2; Def.'s Mem of Law at p. 1.  The Plaintiffs challenge that proposition and assert that the *Corazzini* decision does not hold that a negligence cause of action cannot accompany a 15 U.S.C. § 1692 cause of action.

In the *Corazzini* case, the Honorable Lawrence E. Kahn, Senior United States District Judge, addressed a motion to dismiss a complaint, which dealt with non payment of a mortgage and the collection of fees eerily peculiar to the facts in our case.  The defendant therein was pursing fees because of nonpayment of a loan, and the plaintiff alleged that the defendant misstated the plaintiff's loan balance.  2010 WL 1132683 at *1.  In support of her claim, Corazzini pled that "[d]efendants have engaged in a uniform scheme and course of conduct to inflate its [sic] corporate profits by charging and collecting various fees not authorized by the loan documents or applicable law[,] . . . fail[ed] to credit payments in a timely fashion[,] . . . fail[ed] to provide . . . timely or clear information[,] . . . misappl[ied] payments received[,] miscalculat[ed] . . . late fees . . . [,] and report[ed] and threaten[ed] to report inaccurate information about [the plaintiff's] credit status and credit history to third parties[.]"

*Id*. (quoting compl. at ¶ 32).[8]

Just like in this case, the *Corazzini* plaintiff pled causes of action of negligence and gross negligence, and, thus, in some respect, the decision serves as a template for the matters before this Court. *Id.* at *5 (Counts VI and VII). Because of its relevance to our discussion, the Court reiterates, in part, Judge Kahn's *Corazzini*'s analysis of the applicable law and facts:

> To state a prima facie claim for negligence, the plaintiff must demonstrate that the defendant "owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." *Dubai Islamic Bank v. Citibank, N.A.,* 126 F. Supp. 2d 659, 667 (S.D.N.Y. 2000) (quoting *King v. Crossland Savings Bank,* 111 F.3d 251, 259 (2d Cir.1997)). "A tort action may accompany one for breach of contract only where the contract creates a relation out of which springs a duty, independent of the contract obligation, and that independent duty is breached." *Bouquet Brands Div. of J & D Food Sales v. Citibank, N.A.,* 97 A.D.2d 936, 470 N.Y.S.2d 733 (3d Dept. 1983); *see also Hargrave v. Oki Nursery Inc.,* 636 F.2d 897, 899 (2d Cir. 1997) (it does not follow that because acts constitute a breach of contract they cannot also give rise to liability in tort). Plaintiff states her negligence claim in Count VI in the following terms: that "Defendants owed Plaintiff a duty . . . with respect to the assessment of proper fees;" that "Defendants breached the duty;" that the breach "directly or proximately damaged Plaintiff;" and that "said duty is independent of the contractual duties owed." Compl. ¶ 78-81.
> This generic pleading by Plaintiff is insufficient to make out a cognizable negligence claim. "Merely charging a breach of a 'duty of

---

[8] Comparing the Complaint herein and the *Corazzini* Complaint, the Court readily discerns a replication of the allegations: (a) failing to credit payments timely, (b) failing to provide timely or clear information, (c) misapplying payments, (d) miscalculating late fees, and (e) reporting and threatening to report inaccurate information about borrower's credit status and history to third parties. Compl. at ¶ 23(a)-(f); *see also* Dkt. No. 25-1, *Corazzini v. Litton Loan Servicing LP* Compl.

*-10-*

due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.,* 70 N.Y.2d 382, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987). While it has been found that banks owe a general duty of care to their customers to conduct business reasonably, *see Crossland Savings Bank,* 111 F.3d 259 n. 3, Plaintiff's minimal and conclusory articulation of the elements of a negligence claim, without more, does not allege any facts beyond the charging of excess fees. New York law does not recognize any cause of action for negligent breach of contract. *Megaris Furs Inc. v. Gimbel Bros., Inc.,* 172 A.D.2d 209, 211, 568 N.Y.S.2d 581 (1st Dept. 1991). Plaintiff never states what the duty of care was owed by each Defendant, how the Defendants breached that duty and what damages Plaintiff suffered due to that breach. Plaintiff's pleading truly does no more than append the language of tort to the sole factual allegation of alleged overcharges; there are no allegations of what negligence might actually have been committed. Accordingly, Count VI is dismissed.

*Id.* at * 5-6 (quotation marks and alterations are in the original).

Judge Kahn found that the plaintiff had essentially attempted to plead a cause of action for negligent breach of contract, which is not recognized in New York.

The Plaintiffs do not assert that the decision in *Corazzini* was in error. Yet, by maintaining that Judge Kahn dismissed the negligence cause of action because it was not properly pled, they remain obdurate that Judge Kahn did not hold that negligence cannot be pled in the alternative with debt collection causes of action. Pls.' Mem. of Law at p. 5. The Plaintiffs contend that, in order to avoid a *Corazzini* fate, they have spelled out in greater detail the allegations of negligence: (1) Bank of America and Chase N.A. owed the Torreses a duty to determine the correct balance due and owing before commencing a foreclosure proceeding and (2) breached that duty when they

*-11-*

sued to recover the entire balance without ascertaining the accuracy of the amount due.  *See* proposed Am. Compl. at ¶¶ 37-38.  Although the Plaintiffs may have stated the negligence cause of action more quantitatively than Corazzini did, the proposed Amended Complaint  is not a sufficient improvement; greater verbiage does not remedy the paramount deficiency in the Torres's pleading.  More critically, however, the Plaintiffs apparently do not understand nor appreciate the requisite delineation necessary between a duty under a contract and the duty under negligence in order to state an independent cause of action in negligence.  Even though Judge Kahn's decision may have focused upon the inadequacy and conclusory nature of the Corazzini Complaint, identifying the actual legal underpinning - an independent legal duty - was then and is now more consequential than meeting a pleading standard.

As Bank of America explains, to which the Court concurs, the duty that the Plaintiffs speak of - to determine correct balances before commencing a lawsuit - is simply one that springs from the mortgagor/mortgagee contractual relationship.  Where the relationship between the parties is defined by a written contract, in this case a mortgage, and there is a breach of those terms, the matter is simply a breach of contract.  *Clark-Fitzpartrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389 (1987). Stated another way, when the legal duty springs from the contract or is dependent upon the contract, such as failing to exercise "due care" in performing those terms,

then the breach is not a tort. *Id*. Without the duty being "extraneous" to the terms and relationship established by a contract, it is not deemed to be legally independent in order to sustain a separate cause of action for negligence. *Id*. at p. 390. "Merely charging a breach of a contract 'duty of due care,' employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim." *Id*.

To appreciate this legal distinction more precisely, the Court notes the Second Circuit's pronouncement that the law of contract and torts protect different interests: a plaintiff may recover in contract because the defendant has made an agreement and it is desirable to hold a defendant to that agreement while tort liability is imposed on the basis of a social policy disapproving of the infliction of specific harm irrespective of any agreement. *Hargrave v. Oki Nursery, Inc*., 636 F.2d 897, 898-99 (2d Cir. 1980) (citing *Albemarle Theatre Inc. v. Bayberry Realty Corp.*, 27 A.D.2d 172 (N.Y. App. Div. 1st Dep't 1967)). Ostensibly, it is the nature of the interest to be protected that is determinative of the relationship between parties and their corresponding duties. In this respect, "[i]f the only interest at stake is that of holding the defendant to a promise [which is embedded in a contract], the courts have said that the plaintiff may not transmogrify the contract claim into one for tort." *Id*. at 899 (citations omitted). Here, where the obligation imposed upon the mortgagee, which arises out

of the terms of the mortgage, to properly maintain exact accounting of the mortgage principal and accurately report what is due and owing, a defendant "would be under no obligation to use [independent] special care to provide accurate financial information[;] indeed, if not for the existence of the contract, [the mortgagor] would have had no relationship to the [mortgagee] whatsoever." *JP Morgan Chase Bank, v. Winnick*, 350 F. Supp. 2d 393, 401 (S.D.N.Y. 2004). It is the note and mortgage that defines the relationship between the Torreses and Bank of America and their respective duties and responsibilities to each other. Hence, there is no viable cause of action for the negligent performance of the mortgage terms. *Megaris Furs, Inc. v. Gimbel Bros., Inc.*, 172 A.D.2d 209, 211 (N.Y. App. Div. 1st Dep't 1991). Accordingly, pleading a cause of action for negligence, under these circumstances, is futile.

The cause of action of gross negligence must similarly fail for essentially the same reasons. Intuitively and conceptually, gross negligence cannot be established when basic negligence cannot stand. In addition to the traditional and necessary elements of a negligence claim, a plaintiff must allege facts that evince a reckless disregard for the rights of other or "smacks of intentional wrongdoing." *Corazzini*, 2010 WL 1132683 at *6 (citing, *inter alia*, *Am. Tel. & Tel. Co. v. City of New York*, 83 F.3d 549, 556 (2d Cir. 1996) & *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir.

1998)).  The gross negligence allegations here have unfortunately succumbed to the fatalistic practice of pleading nothing greater than the conclusory elements of the cause of action, which is condemned by *Corazzini*.  2010 WL 1132683, at \*6.  Stating that Bank of America and Chase N.A., were made aware of their mistakes more than a year ago and failed to assume a more "correct" course in prosecuting the foreclosure does not spare the claim from its ultimate demise.  Specifically, the Court is not persuaded that either Bank of America or Chase N.A., have a duty to amend or withdraw its foreclosure complaint, either under contract or negligence theories, when they were advised, during that litigation, that their calculations are in error.  The Court could not find any precedent, nor was any provided, touting a legal duty that compels a litigant to either amend or withdraw a complaint solely upon receiving information that may challenge the viability of its claim.  Accordingly, a cause of action of gross negligence, under our circumstances, is futile.

### B.  Joinder of Chase Bank N.A.

A plaintiff may join such persons or entities as a defendant if the plaintiff alleges "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]"  FED. R. CIV. P. 20(1)(A).  In this regard, the Plaintiffs seek to add Chase Bank N.A. as a defendant.  The Plaintiffs exclaim that Chase N.A., as a former

assignor of the mortgage, is a debt collector under 15 U.S.C. § 1692.  Proposed Am. Compl. at ¶ 8.  To support this proposition, the proposed Amended Complaint contends that, "upon information and belief," EMC went out of business and the Torres mortgage account was assigned to Chase Bank, N.A., who eventually assigned the mortgage account to Bank of America "for the purpose of commencing a foreclosure proceeding against the [the Torres]."  *Id.* at ¶ 17.

Because this Court has already concluded that the theories of negligence and gross negligence are not viable against either Bank of America nor Chase Bank N.A., the issue of joinder can only be considered with respect to the FDCPA causes of action.  The salient purpose of 15 U.S.C. § 1692, *et seq*., is to eliminate the abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e).  Obviously then, the FDCPA is directed solely at debt collectors, which are defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

Hence, our question is whether Chase Bank N.A., can be deemed to be a debt collector and subject to the panoply of obligations imposed by the FDCPA.  The only conceivable manner, in this case, in which Chase Bank N.A. could be a debt collector would be if it pursued the collection of the principal, fees, and interest for itself or on behalf of another.

Yet, a definitive and controlling fact as to this discussion is that Bank of America is the sole plaintiff listed in the State foreclosure action.  Compl., Ex. C, Summons.  That State foreclosure action does not mention Chase Bank N.A., in any context, let alone as an entity either enforcing the terms of the mortgage or attempting to collect either on its own or another's behalf.  Therefore, factually, Chase Bank N.A., did not play a direct role as a debt collector, as defined by 15 U.S.C. § 1692a(6), notwithstanding the Plaintiffs' speculation that Chase Bank N.A. assigned the Torreses' mortgage to Bank of America for the purpose of commencing a foreclosure action.

Further disqualifying Chase Bank N.A. as a possible debt collector under our facts is its obvious status as a former creditor.  Because of this status, it becomes even more problematic for the Plaintiffs' proposed joinder in that the courts within the Second Circuit have repeatedly stated that a mortgage company that is collecting a debt on its own or is just a creditor is not a debt collector subject to the FDCPA. *Book*

*v. Mortg. Elect. Registration Sys.*, 608 F. Supp. 2d 277 (D. Conn. 2009); *Somin v.*

*Total Cmty. Mgmt. Corp*., 494 F. Supp. 2d 153 (E.D.N.Y. 2007) (finding that any

collection activity undertaken by a bank/mortgagee on its own account, and not on

behalf of another, is not a debt collection under the FDCPA).  The obvious reason for

these rulings is the creditor's exclusion from the debt collection definition as found

in § 1692a(6)(F):

> The term [debt collector] does not include . . . any person collecting or
> attempting to collect any debt owed or due or asserted to be owed or due
> another to the extent such activity (i) is incidental to a bona fide
> fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a
> debt which was originated by such person; (iii) concerns a debt which
> was not in default at the time it was obtained by such person; or (iv)
> concerns a debt obtained by such person as a secured party in a
> commercial credit transaction involving the creditor.

*See also McLaughlin v. Citifinacial Auto Credit, Inc.,* 2010 WL 2377089, at *8
(D.Conn. June 11, 2010) (noting that the statute specifically excludes from the
definition of a debt collector any creditor attempting to collect a debt on its own
behalf).[9]

Even if this Court grants some credence to the notion that Chase Bank N.A., assigned

the mortgage to Bank of America for the sole purpose of commencing a foreclosure

action, which the Court does not, such conduct would not convert Chase Bank from

a creditor to a debt collector for the purpose of a FDCPA inspired cause of action.

Accordingly, the Court finds that a Rule 20 joinder of Chase Bank N.A. is futile.

---

[9]  See also the definition of a creditor for purpose of the FDCPA.  15 U.S.C. § 1692a(4).

## IV. CONCLUSION

For all of the reasons stated above, the Plaintiffs' Motion to Amend the Complaint, Dkt. No. 24, is **DENIED**.[10]

**IT IS SO ORDERED**.

June 24, 2011
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

---

[10]  The Court did not forget that the Plaintiffs' Motion also sought to correct and remove Steven J. Baum P.C. from the Complaint.  However, even though Baum is no longer a Defendant in this action, it is not necessary to eliminate or scrub its name from the Complaint.